**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **RICHARD E. SCHULTZ** | § | |
| | § | |
|     **Plaintiff/Counter-Defendant,** | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | **Civil Action No. 3:22-cv-00094** |
| **COMPANY,** | § | |
| | § | |
|     **Defendant/Counter-Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MERDITH ANN SCHULTZ** | § | |
| | § | |
|     **Third Party Defendant** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**under Rule 26(f) of the Federal Rules of Civil Procedure**

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's *Order for Conference and Disclosure of Interested Parties* (Dkt. No. 4) (the "Order"), Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R4[1] ("Deutsche" or "Defendant") and Richard E. Schultz ("Plaintiff") file this *Joint Discovery/Case Management Plan* and respectfully shows the Court as follows:

**(1)**     **State when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

The Parties conferred on July 6, 2022 by email correspondence.

---

[1] Plaintiff incorrectly named "Deutsche Bank National Trust Company" as the party-defendant in this case. Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R4 is appearing herein in its correct capacity as stated above.

(2)  **List the cases related to this one that are pending in any state of federal court with the case number and court, and state how the cases are related.**

None.

(3)  **<u>Briefly</u> describe what this case is about.**

The allegations in the Petition relate to a deed of trust and foreclosure proceedings on Plaintiff's real property located at 6717 S.F. Austin, Jones Creek, Texas 77541 (the "Property"). (*See* Petition at ¶6). In the Petition, Plaintiff alleges that foreclosure of the Property should not proceed because of Defendant's alleged wrongful conduct relating to the servicing of Plaintiff's account and notices relating to foreclosure. (*Id.* at ¶¶ 7-15.).

Defendant has filed a Counterclaim seeking an Order to proceed with foreclosure against Plaintiff and Third Party Defendant, Meredith Ann Schultz.

(4)  **Identify any issues as to service of process, personal jurisdiction, or venue.**

None at this time.

(5)  **Federal Jurisdiction**
  a.  **Specify the allegation of federal jurisdiction.**

There is diversity jurisdiction in this Court because there is complete diversity of citizenship between Plaintiffs and Defendants, and more than $75,000.00 is in controversy, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

  b.  **Identify the parties, if any who disagree with the plaintiff's federal jurisdictional allegations and state their reasons.**

None.

  c.  **If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship.** *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, **965 F.3d 404, 408 fn.1 (5th Cir. 2020).**

Not applicable.

**(6)** **List anticipated additional parties that should be included, when they can be added by whom they are wanted.**

None at this time.

**(7)** **List anticipated interventions.**

None at this time.

**(8)** **Describe class-action or collective-action issues.**

None.

**(9)** **State whether each party represents that it has made disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Defendant has not made initial disclosures but has set a deadline of July 13, 2022 to complete the disclosures.

Plaintiff made its initial disclosures on June 22, 2022.

**(10)** **If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.**

The parties agree to submit attorneys' fees to the court for resolution on affidavit or declaration.

**(11)** **Describe the proposed agreed discovery plan, including:**

**a)** **Responses to the matters raised in 26(f), including any agreements (and disputes) concerning electronic and other discovery:**

The Parties do not anticipate any changes in the timing, form, or requirement for disclosures under Rule 26(a).

The Parties do not know of any issues about disclosure or discovery of electronically stored information (ESI), including the form(s) in which it should be produced is known at this time.

**b)** **Any threshold issues-such as limitations, jurisdiction, or immunity-that should be scheduled for early resolution, which discovery targeted to those issues may need d to occur early, and how long this targeted discovery will be.**

None at this time.

**(12). Experts**

    **A. Are experts needed on issues other than attorneys' fees?**

    The parties do not anticipate the need for experts other than attorneys' fees,

    **B. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.**

    Not applicable.

    **C. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B)**

    Plaintiff has already designated his expert for attorney fees and does not anticipate designating any further experts.

    **D. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B)**

    Defendant anticipates it will able to designate experts before the end of the discovery period, proposed to be December 28, 2022.

**(13)**     **State the date discovery can reasonably be completed.**

    The Parties anticipate discovery will be completed by December 28, 2022.

**(14)**     **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    No disputes regarding discovery at this time.

**(15)**     **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

**(16)**     **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties are open to settlement discussions

**(17)**     **From the attorneys' discussions with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    If the Court believes that it is in the best interest of the Parties, the Parties would consent to mediation in an effort to settle this matter.

**(18)** **With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Magistrate Judge Edison.**

The parties do not consent to refer this case to the magistrate judge.

**(19)** **State whether a jury demand has been made and if it was made on time**.

No jury demand has been made.

**(20)** **Specify the number of hours it will take to present evidence in this case.**

The parties anticipate it will take 4-8 hours to present evidence in this case.

**(21)** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None at this time.

**(22)** **List other pending motions.**

None at this time.

**(23)** **List issues or matters, including discovery, that should be addressed at the conference.**

None at this time.

**(24)** **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Defendant has filed a Disclosure of Interested Parties. [ECF No. 3].
Plaintiff has filed its Disclosure of Interested Parties. [ECF No. 8].


*/s/ Robert C. Vilt*                                    July 6, 2022
Robert C. Vilt
Counsel for Plaintiff

*/s/ Nicholas M. Frame*                             July 6, 2022
Nicholas M. Frame
Counsel for Defendant

Respectfully submitted,

By:  _/s/ Nicholas M. Frame_
  **MARK D. CRONENWETT**
  Attorney in Charge
  Texas Bar No. 00787303
  Southern District Bar No. 21340
  mcronenwett@mwzmlaw.com

  **NICHOLAS M. FRAME**
  Of Counsel
  Texas Bar No. 24093448
  Southern District Bar No. 3121681
  nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**